UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. | No. C 12-5139 SI (pr) |
| STEVEN DEAN PARKS, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| Petitioner/Plaintiff. | |

This action was opened when Steven Dean Parks filed a document that appears to challenge the denial of parole as a violation of his right to due process. Docket # 1, p. 1. The document also asserts that the parole board engaged in harassment when it recommended that Parks "get a G.E.D." *id.* Parks attaches several documents that appear to indicate that he obtained a G.E.D. *See* Docket # 1-1, p.2 (summary of March 25, 2009 parole decision that recommends, among other things, that inmate obtain a G.E.D.); *id.* at 3 (chrono noting that inmate completed his G.E.D. requirements on December 2, 2010). As the documents show that he did not receive his G.E.D. until after the parole hearing in 2009, it is not clear why he thinks the recommendation was for purposes of harassment.

In the same document in which he appears to challenge a parole denial, Parks complains about actions by Bulmaro Chavez, who he indicates is an electrician/engineer on the prison staff. The statements appear to be related to another action Parks later filed, *Steven Dean Parks v. Bulmaro Chavez*, No. C 12-6018 EMC (pr).

The court does not understand what Parks intends the document to be, i.e., whether he wants to file a habeas petition, or wants to file a civil rights action, or wants to do something.

Leave to amend will be granted so that he can file some pleading or the action will be dismissed,

If he wants to challenge the denial of parole, he must file a petition for writ of habeas corpus. The document he did file does not suffice as a habeas petition challenging the denial of parole because it is so lacking in so many pieces of necessary information. The document does not list a respondent, does not identify the date of the decision being challenged, does not allege facts suggestive of a due process violation, and does not indicate whether state court remedies have been exhausted for the claims. Therefore, if Parks now wishes to pursue a challenge to the denial of parole, he must file a petition for writ of habeas corpus using the court's form petition and must provide all the information requested on that form.

If Parks wants to provide information to the court relevant to his action against Bulmaro Chavez, the way to do that is to file a document in that case. He must write the case number (C 12-6018 EMC (pr)) for that case prominently on the first page of the document.

If Parks wants to file a civil rights action, he may do so, using the court's form civil rights complaint.

For the foregoing reasons, Parks must file a form petition for writ of habeas corpus or form civil rights complaint no later than **March 1, 2013**. If he does not file a habeas petition or a civil rights complaint, this action will be dismissed without prejudice.

IT IS SO ORDERED.

DATED: February 7, 2013

                                              SUSAN ILLSTON
                                     United States District Judge